IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY LEE WATKINS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1961-H |
| | § | |
| SHERIFF STEWART, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. §

636(b) and a standing order of reference from the district court.  The findings and recommendation

of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Henry Lee Watkins, an inmate in the

Ellis County Jail, against Sheriff Ray Stewart and two detention officers.  On October 3, 2005,

plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma*

*pauperis*.  Because the information provided by plaintiff in his pauper's affidavit indicates that he

lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis*

and allowed the complaint to be filed.  A *Spears*[1] questionnaire then was sent to plaintiff in order

to obtain additional information about the factual basis of his suit.  Plaintiff answered the

questionnaire on October 31, 2005.  The court now determines that this action should be summarily

dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff alleges that he was denied medical care for a ruptured boil on his leg for three hours on September 15, 2005.  During the time his wound went untreated, plaintiff states that he was denied clean clothes, required to take multiple showers to remove the foul ordor, and ridiculed by other inmates.  By this suit, plaintiff seeks unspecified money damages and an order relieving the responsible parties of their duties.

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1)     is frivolous or malicious;

(2)     fails to state a claim upon which relief can be granted; or

(3)     seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The court initially observes that plaintiff has failed to state a claim for relief against Sheriff Ray Stewart.  As supervisor of the jail, the sheriff is liable only if:  (1) he affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff.  *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993).  It is clear from plaintiff's interrogatory answers that Stewart was not personally involved in any of the alleged constitutional deprivations made the basis of this suit.  Instead, plaintiff alleges that the sheriff "[is] in charge of each an [sic] every individual hired at the jail, an [sic] it's his reponsibility to have each one properly orientated, concerning the do's and don'ts or the handling of serious matters." (*Spears* Quest. #4).  Nowhere does plaintiff identify any specific policies that violate his constitutional rights.  Nor does he allege any facts linking any unconstitutional policy to the sheriff.  Consequently, plaintiff has failed to state a claim for relief against Stewart in his individual capacity.  *See Morgan v. Dallas Co. Sheriff's Dep't.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005), *citing Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989).

B.

A civil rights claim based on the denial of adequate medical care is governed by the Eighth Amendment to the United States Constitution.  *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  In order to establish a constitutional violation, plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.*, 97 S.Ct. at 292; *see also Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).  This, in turn, requires proof that the jail officials were subjectively

aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994).

The facts alleged by plaintiff in his *pro se* complaint and interrogatory answers are insufficient to state a claim for denial of medical care. First, the three hour delay in treating plaintiff's ruptured boil does not rise to the level of deliberate indifference. *See, e.g. White v. Simpson*, No. 3-04-CV-0728-D, 2004 WL 2049306 at *3 (N.D. Tex. Sept. 13, 2004) (Kaplan, J.) (one week delay in treating flu symptoms does not rise to level of constitutional violation); *Estes v. Bowers*, No. 3-00-CV-1203-BD, 2002 WL 628755 at *2 (N.D. Tex. Apr. 17, 2002), *aff'd*, 73 Fed.Appx. 747 (5th Cir. 2003) (brief delay in receiving medical care does not constitute deliberate indifference). Second, under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute need not be significant, but must be more than *de minimis*. *See Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). When asked to explain how he was harmed by the three hour delay in receiving medical care, plaintiff stated he was embarrassed by "having to endure the dehumanizing, demoralizing, and the defaming, of [his] character[.]" (*See Spears* Quest. #2-3). This is insufficient to establish "physical injury" under the PLRA.[2] *See, e.g. Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304 at *2 (N.D. Tex. May 13, 2005) (allegation that plaintiff suffered "unnecessary

---

[2] Plaintiff also alleges that he has been prohibited from working in the jail kitchen. (*See Spears* Quest. #2). However, a prisoner does not have a constitutional interest in a particular job assignment. *See Bugler v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Nor does plaintiff adequately explain how the delay in treating his ruptured boil led to his removal from the kitchen.

pain and suffering" insufficient to establish physical injury); *Selmon v. North*, No. 7-02-CV-287-R,

2004 WL 2421603 at *2 (N.D. Tex. Oct. 28, 2004) (no cause of action for delay in receiving medical

care absent proof that delay "exasperated or aggravated" existing injury or otherwise caused harm);

*Breakiron v. Neal*, 166 F.Supp.2d 1110, 1114 (N.D. Tex. 2001) (same).

## <u>RECOMMENDATION</u>

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party may file written objections to the recommendation within 10 days after

being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996).

DATED:  November 3, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE